**JS-6**; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7879 AHM (VBKx) | | Date | March 30, 2010 |
|---|---|---|---|---|
| Title | VACHAGAN ABED-STEPHENS *et al.* v. FIRST FEDERAL BANK OF CALIFORNIA *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

This matter is before the Court on Defendants GMAC, ETS, and Wells Fargo's Motion to Dismiss. For the reasons set forth below, the Court GRANTS the motion with respect to the federal claims and *sua sponte* REMANDS the remaining state law claims to Los Angeles County Superior Court

## I.    INTRODUCTION

On September 28, 2009, Plaintiffs Susie Abed-Stephen and Vachagan Abed-Stephen (collectively, "Plaintiffs") filed a Complaint in state court, and on October 28, 2009, the action was removed to this Court. On November 20, 2009, Plaintiffs filed a First Amended Complaint ("FAC"), alleging twelve causes of action against Defendants First Federal Bank of California ("First Federal"), GMAC Mortgage Corp. ("GMAC"), Duetsche [sic] Bank National ("Deutsche"), Wells Fargo Bank Corp. ("Wells Fargo"), and Does 1 through 260. On January 27, 2010, the Court granted Defendants' motion to dismiss the FAC for failure to state a claim. (*See* Docket No. 51.) On February 12, 2010, Plaintiffs filed their Second Amended Complaint ("SAC"), alleging nineteen causes of action against the aforementioned defendants, as well as Executive Trust Services ("ETS"). Plaintiffs' claims arise out of a transaction with First Federal for a home loan that closed April 26, 2006. (SAC ¶ 20.) Defendant Deutsche is alleged to be the owner of the loan, GMAC is alleged to be the sub-servicer of the loan, and Wells Fargo is alleged to be the loan's Master Servicer. (*Id.* ¶ 13-16.) Plaintiffs allege that GMAC owns ETS and is "using such company to perpetuate the fraud against the Plaintiff's [sic]." (*Id.* ¶ 17.)

**JS-6**; O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7879 AHM (VBKx) | Date | March 30, 2010 |
|---|---|---|---|
| Title | VACHAGAN ABED-STEPHENS *et al.* v. FIRST FEDERAL BANK OF CALIFORNIA *et al.* | | |

On February 26, 2010, Defendants GMAC, ETS, and Wells Fargo moved to dismiss the SAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Plaintiffs have not filed an opposition to the motion.  "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  Local Rule 7-12.  In addition, the motion appears meritorious on its face.

## II.    DISCUSSION

As with their FAC, Plaintiffs' SAC is largely incomprehensible.  It purports to state nineteen causes of action for: (1) violations of the Home Ownership and Equity Protection Act ("HOEPA"); (2) violations of the Real Estate Settlement Practices Act ("RESPA"); (3) violations of the Truth in Lending Act ("TILA"); (4) violations of the Fair Credit Reporting Act ("FCRA"); (5) fraudulent misrepresentation; (6) breach of fiduciary duty; (7) breach of trust; (8) unjust enrichment; (9) civil conspiracy; (10) civil RICO; (11) quiet title; (12) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (13) violations of "Cal. § UCC"; (14) "usury laws"; (15) "predatory lending"; (16) violations of state and federal fair debt collection statutes; (17) "slander of title"; (18) violation of Cal. Civ. Code § 1632; and (19) violation of Cal. Civ. Code § 1572.

For the most part, the SAC fails to meet the basic pleading requirements of Rule 8.  Plaintiffs lump all of the defendants together throughout the entire SAC.   For most of their various claims, Plaintiffs simply state—in conclusory fashion—that Defendants have violated a particular statute.  This is not sufficient to state a claim.  *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("'[L]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)).  Moreover, the SAC fails to comply with Rule 8(d)(1), which requires each "allegation [to be] simple, concise, and direct."

Because Plaintiffs' federal claims are clearly subject to dismissal with prejudice (or without leave to amend), the Court herein DISMISSES them, for the reasons set forth below.  The Court *sua sponte* REMANDS the remaining state law claims to Los Angeles County Superior Court.

**JS-6**; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7879 AHM (VBKx) | Date | March 30, 2010 |
|---|---|---|---|
| Title | VACHAGAN ABED-STEPHENS *et al.* v. FIRST FEDERAL BANK OF CALIFORNIA *et al.* | | |

### A.      Plaintiffs' Federal Claims are Dismissed

####        1.      HOEPA, RESPA, and TILA (Count One, Two, and Three)

In granting the motion to dismiss the FAC, the Court stated: "Plaintiffs must carefully consider the reasons Defendants set forth in their Motion to Dismiss and Reply why any claims for violations of TILA, RESPA, and HOEPA would be time-barred.  Any attempt to re-allege these claims must be in compliance with Fed. R. Civ. P. 11." Plaintiffs apparently failed to heed the Court's instructions, and instead re-plead these claims in the SAC.  The claims are clearly time-barred.   Plaintiffs allege that the loan transaction was consummated on April 26, 2006. (SAC ¶ 20.)  They filed this action on September 28, 2009.   The statute of limitations for damages under TILA is one year.  15 U.S.C. § 1640(e).  The statute of limitations for rescission under TILA is three years. HOEPA, which is a part of TILA, shares its one-year statute of limitations.  15 U.S.C. § 1640(e).  RESPA has a one-year statute of limitations for violations of 12 U.S.C. §§ 2607 & 2608 and a three-year statute of limitations for violations of 12 U.S.C. § 2605.  12 U.S.C. § 2614.  Plaintiffs have alleged no facts that would justify equitably tolling the statutes of limitations.  Thus, Plaintiffs' claims under HOEPA (claim one), RESPA (claim two), and TILA (claim three) are time-barred and are dismissed with prejudice as to all defendants.

####        2.      Fair Credit Reporting Act (Count Four)

Plaintiffs have not stated a claim under the FCRA.  Plaintiffs merely allege that "Defendants" violated various provisions of the FRCA by "wrongfully, improperly, and illegally report[ing] negative information as to the Plaintiffs to one or more Credit Reporting Agencies, resulting in Plaintiffs having negative information on their credit reports and the lowering of their FICO scores."  (SAC ¶ 156.)  This Court has previously found that nearly identical allegations were too conclusory and boilerplate to state a claim. *See Bartolome v. Homefield Financial Inc.,* No. CV 09-7258 AHM (AJWx), 2009

**JS-6**; O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-7879 AHM (VBKx) | | Date | March 30, 2010 |
|---|---|---|---|---|
| Title | VACHAGAN ABED-STEPHENS *et al.* v. FIRST FEDERAL BANK OF CALIFORNIA *et al.* | | | |

WL 4907050, * 1 (C.D. Cal. Dec. 11, 2009) ("Plaintiff alleges no specific facts to support her claim under FCRA, merely the wholly conclusory and clearly boilerplate statement that unidentified defendants 'wrongfully, improperly, and illegally reported negative information as to the Plaintiff to one or more Credit Reporting Agencies, resulting in Plaintiff having negative information on their [sic] credit reports and the lowering of their [sic] FICO scores.' Complaint ¶ 106. This conclusory and boilerplate allegation fails to state a claim under FCRA, and so Plaintiff's [FRCA claim] is dismissed."). Accordingly, Plaintiffs' fourth claim under the FCRA is dismissed without leave to amend.

        3.     Civil RICO (Count Ten)

Plaintiffs' tenth claim under RICO is dismissed without leave to amend. Plaintiffs' boilerplate allegations do not state facts that could support a claim for RICO. Many of the allegations appear to be lifted from form complaints. For example, Plaintiffs allege that "[t]he Plaintiff [sic] does not know whether the individual officers named herein are knowledgeable or ignorant of their criminality." (SAC ¶ 211.) However, Plaintiffs do not name any officers.

        4.     Fair Debt Collection Practices Act ("FDCPA") (Count Sixteen)

Plaintiffs' sixteenth claim for violation of the FDCPA is defective not only because it alleges no facts that could support a finding that Defendants violated the FDCPA, but also because the FDCPA does not apply to lenders or mortgage servicers. The FDCPA applies only to a "debt collector," defined as "a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a. The definition explicitly excludes creditors as well as loan originators or assignees who obtained the right to collect on loan when it was not in default. 15 U.S.C. § 1692a(4), § 1692a(6)(A) or (B) , § 1692a(ii) and (iii). Plaintiffs do not allege that Defendants are debt collectors; rather, they allege that Defendants are creditors and servicers of the loan that Plaintiffs secured. (*See* SAC ¶¶ 12-17.) Accordingly, Plaintiff's claim for violations of the FDCPA is dismissed with prejudice.

**JS-6**; O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7879 AHM (VBKx) | | Date | March 30, 2010 |
|---|---|---|---|---|
| Title | VACHAGAN ABED-STEPHENS *et al.* v. FIRST FEDERAL BANK OF CALIFORNIA *et al.* | | | |

### B.   The Court Declines to Exercise Supplemental Jurisdiction over Plaintiffs' State Law Claims

All of the remaining claims are pendent state law claims.  The original basis for subject matter jurisdiction has been destroyed.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state law claims and *sua sponte* dismisses the remaining claims and remands them to Los Angeles County Superior Court.

### III.   CONCLUSION

For the reasons set forth above, the Court DISMISSES Plaintiffs' claims under HOEPA, RESPA, TILA, the FCRA, RICO, and the FDCPA.  The Court declines to exercise supplemental jurisdiction over the remaining state law claims and *sua sponte* remands them to Los Angeles County Superior Court

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |

**JS-6**